ST. LOUIS, B. & M. RY. CO. et al. v. TEXAS MEXICAN RY. CO.

No. 11387.

Court of Civil Appeals of Texas. San Antonio.

June 9, 1948.

E. H. Crenshaw, Jr., of Kingsville, and Kelley, Lockett, Lockett & Mosheim, of Houston, for appellants.

J. D. Dodson, of San Antonio, B. D. Tarlton, and M. G. Eckhardt, both of Corpus Christi, E. H. Borchers, of Laredo, and Tom M. Davis, of Houston, for appellee.

NORVELL, Justice.

This cause was remanded to this Court by the Supreme Court of the United States, to be "held pending the conclusion of ap-

propriate administrative proceedings." Thompson, Trustee, v. Texas Mexican Railway Company, 328 U.S. 134, 66 S.Ct. 937, 947, 90 L.Ed. 1132. The opinion of this Court is reported in Tex.Civ.App., 181 S.W.2d 895.

On March 22, 1948, Texas Mexican Railway Company filed a motion (Mo. No. 15698) in this Court praying for rendition of judgment affirming the judgment of the District Court of Nueces County, Texas, 94th Judicial District. Attached to this motion is a duly authenticated copy of the record of proceedings had before the Interstate Commerce Commission in "The St. Louis, Brownsville and Mexico Railway Company, Trustee, Abandonment, Finance Docket No. 15461," and "Missouri Pacific Railroad Company Reorganization, Finance Docket No. 9918," whereby it appears that a certificate was issued by said Commission permitting abandonment by Guy A. Thompson, Trustee of the St. Louis, Brownsville and Mexico Railway Company, of operation over a portion of the main line of the Texas Mexican Railway Company, extending from Robstown to Corpus Christi, Texas. The Interstate Commerce Commission further held and stated that, "under the decision of the Supreme Court referred to (Thompson, Trustee, v. Texas Mexican Railway Co., 328 U.S. 134, 66 S.Ct. 937, 90 L.Ed. 1132), if we unconditionally authorize the requested abandonment, we need not, nor do we have the power to determine the compensation which should be paid for use of the property subsequent to the notice of termination of the contract by the Texas Mexican."

 It, therefore, appears that "appropriate administrative proceedings" have been concluded and that this Court, under the mandate of the Supreme Court of the United States, is now authorized to render a judgment in this case.

On June 4, 1948, a motion, styled "Joint Motion to Remand" (Mo. No. 15746), was filed in this Court. This motion effects an amendment of the motion filed on March 22, 1948 (Mo. No. 15698), inasmuch as the Texas Mexican Railway Company, in lieu of its prayer for an affirmance of the trial court's judgment, joins in a request that such judgment be reversed and the cause remanded to the trial court for rendition of judgment in accordance with the terms of settlement agreed upon by the parties.

As the latter motion is agreed to by all parties to this litigation, the judgment of the trial court is reversed upon stipulation of the parties, the prayer of the amending motion (Mo. No. 15746) is granted and this cause is remanded to the District Court of Nueces County, 94th Judicial District of Texas, in order that the parties may cause final judgment to be entered by that court pursuant to their agreement. All costs of this Court, of the Supreme Court and of the Supreme Court of the United States, not already paid by the appellee herein, shall be adjudged against and paid by appellant Thompson, Trustee. The trial court will enter all such other and further orders as may be appropriate in the premises.

Motion to remand is granted.